Thank you, Your Honors. May it please the Court. Jennifer Sheets on behalf of Timothy Franklin, the Petitioner and Appellant. And I'm a little deaf. I apologize. I just first want to thank the Court and Respondent for being so gracious to allow me to present this case today. Thank you. Of course. The case is unusual in that it was originally decided judgment entered in 2001 and went on appeal and went back down for resentencing in 2006. And the reason why this is important is because this is entirely about sentencing. And the sentencing law in California changed in 2007, the year after this case was decided. And the reason it changed was all due to the Supreme Court decision in Cunningham v. California. And the reason it changed, you mean after the first sentence or the resentence? After the resentencing. And that's when the determinant sentencing law in California was amended so that a sentencing judge could basically state one aggravating factor for a reason imposing the upper term rather than having to have more than one aggravating factor to weigh against mitigating factors. And in this case, because it occurred in 2006 and in 2001, the AEDPA applies. And in that respect, the last state court decision was the habeas court decision out of Sacramento, which denied relief stating that the upper term that the court relied upon, in this case there were two factors and two upper terms. And the two factors were occupied, that the defendant occupied a position of trust and that the defendant engaged in violent conduct. Now, it's clear from the very terms of these two factors that they were not based on a prior conviction. And they were not submitted to the jury, obviously, because this happened in 2006 upon remand for resentencing. So by the very terms, Cunningham does apply in terms of whether or not this sentence based on the two upper terms is constitutional, since these were not factors that were put before the deciding jury. There's no constitutional problem, as I see it, if a defendant is upper term eligible. And an aggravating factor that could render a defendant upper term eligible is his prior criminal history, which does not have to be submitted to the jury. Now, in this particular case, the sentencing judge had the probation report and, if I recall correctly, even referenced specifically the fact that he viewed the sentencing report, which does contain numerous prior convictions, fairly serious prior convictions. So I think numerous and also increasing in seriousness. So why does that criminal history not render the defendant upper term eligible, such that there would be no constitutional problem here? Well, I would first say that we're looking at the superior court's decision, too, in terms of whether or not it was reasonable under the Supreme Court law. And I would just say that the district court did a good job trying to fill in what you just said, because the superior court left that out. I would say that the problem here, as articulated in the brief, is that the prosecution alleged many of those serious offenses, the two serious offenses, as prison priors, right? And so in terms of relying on those subsequently for as offenses showing, you know, either seriousness, increasing seriousness, would be a problem because they were already used for the prison priors. So what's left are a bunch of misdemeanor cases and not very serious offenses. So I take it by your argument, and correct me if I'm misunderstanding it, that if the prosecution utilizes a felony, prior felony conviction, as either for a five-year prior or a one-year prior, then those prior convictions cannot be counted as numerous when you look at the defendant's overall criminal history? Well, in terms of imposing an upper term, correct. I mean, you can't use them twice for two different aggravating sentencing factors. Yeah. I mean, I would say here it's important because, specifically, those factors were already relied upon in imposing the prison priors in sentencing. Let me ‑‑ I want to make sure I don't get too confused here. We've got the state habeas petition that's dealt with by the Superior Court in Sacramento in 2007, and that habeas court addresses the new sentencing claims, and at page 2 and 3 of its order, addresses the upper terms and says, this is now the habeas judge state court. According to the transcript of the original sentencing, Petitioner had several misdemeanor priors and several prior felony convictions, including burglary, 1984 burglary, 1987 narcotics, 1990 theft with prior, a 1995 narcotics case. Why isn't that enough to put him into the upper area, to give him the maximum, to make him eligible for the maximum so anything then relied on complies with Cunningham? I'm sorry. Could you repeat where you're citing that from? Oh, I'm sorry. This is the Superior Court order of August 22, 2007, the state habeas. And I'm at the bottom of page 2 of that order that has the subhead upper terms. Right. And the habeas judge, Judge Vasquez, says, well, I looked at the transcript of the original sentencing hearing, and we had all these prior convictions. Now, under State law, even the preamendment State law, numerous convictions is enough to put the person in the upper range so that the maximum is an available sentence. For a single upper term, yes. You can't use the same aggravating factor twice to justify two upper term sentences. Now, how do we know that? California courts have held that it's improper to use the same prior conviction standard to impose the upper term and a basis for the prior prison term. That's People v. McPherson, 168 Cal App. 4, 388, 2008. And in terms of that, the basis for the prior prison term, no, actually, can I address that on rebuttal? Because I have to look up specifically. I may need to organize your thoughts. Yes, you can look up rebuttal. Sure, sure. Indeed. But basically what you're getting at is whether or not the sentencing court can rely on the same aggravating factor twice for imposing two upper terms. Well, I won't even say aggravating factors. The same factors that make him eligible for the upper term, right? Right. But I would say, I mean, most of my brief goes through why in this particular case that single narcotics conviction could not have made him eligible for the upper term. Well, but what makes him eligible for the upper term under the statute is numerous prior convictions or prior convictions that escalate in seriousness. And I think by anybody's definition of numerous, these are numerous. So I don't see why that's not an available sort of, I guess I'll call it aggravator, that makes him eligible for the upper term no matter what he's being sentenced for now, whether he's being sentenced for two convictions or one conviction. As I read the California statute, it says that if you've got numerous prior convictions, that makes you eligible for the upper term. Boom. End of story. Where am I wrong? Well, I would just say that the dual use, because he had already been sentenced to the prior prison terms based on two of those felonies that were used. And most of the other convictions as we went through were actually misdemeanors and not of increasing seriousness. And because of the dual use prohibition, the Court couldn't rely on that for both imposing the upper term and for the prior prison terms. Okay. Let's hear from the other side, and then you've got a chance to move on. May it please the Court. My name is Catherine Miedo, and it's nice to be back. In the last reason decision, which we've been discussing, that took place in August of 2007, which is important because this last reason decision took place after Cunningham, the California Superior Court found that Petitioner was eligible for the upper term based on the fact of his prior conviction. And under California law, specifically in People v. Black, the State Superior Court noted that the existence of a prior conviction, and I think this is where the confusion is, the distinction is if you have a prior conviction that has not been used for a prior prison term or for a strike, so it's otherwise available, which we have here. We have a 1987 narcotics possession, possession of narcotics felony conviction. The Superior Court found that Mr. Franklin had that conviction. He was therefore eligible under, you know, very long established precedent for the upper term based on this really traditional means of aggravating a sentence, is that your crime is worse because of the fact that you've committed prior crimes. And so here, the State Superior Court followed Cunningham. It found he was eligible for the upper term by virtue of that single prior conviction that had never been used as a strike or as a prior prison term. And in California, the existence of a single ---- How do you know which conviction the district court relied on and the Superior Court relied on? Because the Superior Court stated that it was relying on the 1987. In the same judgment, Judge Fletcher, right, with a minute or that 1987 narcotics case? Right. And that's the one? Yes. You say it was not used before? Correct, Your Honor. It was page 2 of the Superior Court's decision. The Court says since Petitioner was convicted in 1987 of a narcotics violation and that offense was not used in sentencing, either as a prior strike or as a sentence enhancement, Petitioner was eligible for the upper term. Okay. Now I'm understanding the argument you made better. Well, the statute that puts you in the upper term requires either numerous prior convictions ---- I think we just got one. Well, I think you're referring to the California Rules of Court, correct? I'm referring to the California statute that makes somebody eligible for the upper term. And it says prior convictions can be used to put you in the upper term if they're numerous or if they are increasing in seriousness. Are you with me in terms of that's the statute that governs? Well, I'm relying on California case law that's well established that says, and this is People v. Osmond, which is the California Supreme Court, and that is very well established precedent. It says one aggravating factor, such as a prior conviction, is all you need to impose the upper term, regardless, you know, outside of the California Rules of Court. If there's one prior conviction and that's a single aggravating factor, that's People v. Osmond, then that can enhance the sentence to the upper term. And that goes all the way back to Almendares-Torres, you know, where the United States Supreme Court says that that is an exception to the right to a jury trial. Almendares-Torres says you don't need to prove the conviction to the jury. Almendares tells us nothing about the consequence of the earlier conviction is. Well, let me just quote. A quote that I really like is that in Almendares-Torres, the Supreme Court concluded that a trial court's reliance on a prior conviction as a sentencing factor does not implicate a defendant's right to a jury trial. No, I understand that perfectly. But my question is different. I understand that Almendares tells us, Almendares-Torres tells us that a criminal conviction doesn't need to be proved to a jury. Yes. But the question I'm chewing on is not the Almendares-Torres question as to whether it can be used. The question is, under California law, what can it be used for? Yes. And under California law, you're saying that even though the statute seems to say that convictions are increasing in seriousness in order to get somebody into the upper limit, a single 1987 conviction satisfies that statutory criteria, either of those two statutory criteria? Exactly. And I would also cite the Court to a ---- Wait a minute. Yes. So how does one conviction be numerous? Well, I think you have to separate out the California rules of court, which talk about aggravating factors. And then we also have California precedent. And People v. Black, I'd like to refer the Court to that case, as well as Osband. But in Black, it says, under California's determinate sentencing scheme, the existence of a single aggravating circumstance. And it's well established in case law that one single aggravating circumstance would be a prior conviction, that it was unused. But that's as well established in California law, is that if you have a single ---- we argue this all the time. If you have one single aggravating circumstance, that's all you need for the  Well, I understand that. But the question is whether a single crime can be an aggravating circumstance. Yes. And definitely, under California case law, the answer is yes. And I would also refer the Court to People v. Price, which addresses whether you can use a single circumstance to enhance two counts. And we have ---- I've cited three cases in my brief that all hold that a single aggravating circumstance, such as a prior conviction, can be used to enhance not just one term, but two different terms. And we're not talking about ---- I think she cited a case, McPherson, where that involved where a conviction was used for a prior prison term. And so it was more of a dual-use analysis. But if we're looking at a prior conviction that's never been used for any sort of enhancement, and that's available, then under People v. Price ---- and I cited two other cases in my brief that well-established California law that you can use that to enhance more than one term, and you can impose the upper term. And so here, Mr. Franklin was eligible for the upper term because he had a prior felony conviction that had never been used. And that made the fact that the sentencing court basically ---- let me just say that the reasons that the sentencing court gave were not essential. Because what was essential was that he had already had this prior conviction, which was an aggravating circumstance, and you only need one aggravating circumstance in California. And this decision was not contrary to or an unreasonable application of any United States Supreme Court precedent. And for that reason, we would ask that the district court's determination be upheld. With regard to numerous prior convictions. Yes. Remind me, when you look at prior felony convictions that were used as prison priors, can you use those same prison prior convictions in looking at the defendant's overall criminal history to determine whether it was numerous? Yes, you could for that sentencing factor. And here what's important is that even in the jury verdict, the jury found four convictions that he had suffered. And two were attached to one of the prior prison terms, and one was that narcotics conviction. And so there was an extra conviction there. But in answer to your question, yes, you can use that for the California rule of court looking at numerous convictions and of increasing ---- or of increasing seriousness. All right. There's no dual-use prohibition there. Right. Correct. Let me ask this question. So I understand now, for you to be saying, and this seems like a correct reading of Black, but that a single prior conviction, at least a felony conviction, not used for other purposes, is sufficient. It's a sufficient aggravating factor to justify imposition of the upper term. Yes. Doesn't that then make all the statute Judge Fletcher is referring to about numerous convictions and increasing the serious conviction, it makes that statute completely superfluous, doesn't it? Well, that is a California rule of court that is not exhaustive. And it's more of a guide for sentencing courts to look at. But the fact of a prior conviction is this well-established aggravating circumstances that really stands alone. In terms of the Sixth Amendment analysis, the prior conviction gets us out of the Sixth Amendment violation. And the state superior court here had the benefit of Cunningham and the benefit of reading the United States Supreme Court. So maybe I'm having trouble understanding how California law works. I understand that what I'm referring to is a rule of court, but I had perhaps misunderstood its force. Right. I thought that had the force of statute. That's not true? No, Your Honor. No, this is a rule of court as a guide. So the courts can ignore this if they like? Well, the court certainly would be bound by a United States Supreme Court precedent over a California rule of court. No, I understand that. Right. No, but, for example, a California state court imposing sentence can look at California rule of court 4.421B and say, well, it says right here, B2, it can be aggravating if the prior convictions as an adult are numerous or increasing seriousness. The sentencing court can say, oh, I'm not going to follow that. The sentencing court can do that. Sure. Well, the sentencing court could certainly find that the fact that you have a prior conviction takes your case above another case that you wouldn't have a prior conviction. No, no. I'm asking you a different question. Can a sentencing court in California look at this rule of court and say, I don't think this is a very good rule and I'm not going to follow it? That's ‑‑ I think that a sentencing court would have to look at these California rules of court, which have been determined by judges, and I think that they would have to give them weight. But they can't say, I'm not going to follow it? Well, I think that then we would have to have another valid reason, which we do have here. But, yeah, I think you certainly could say that if you're a sentencing court and you found that one of these rules didn't apply or, you know, you felt that it really didn't apply. It seems to me that you're saying, but they don't have to follow it if they don't really think it's a good idea in this case. Well, I'm not really saying that, Your Honor. I'm just saying that here we definitely have a prior conviction that was available and that that makes this crime worse than someone that didn't have a prior conviction. And for that reason alone, we don't have a Sixth Amendment violation. Yeah. So that's what I'm saying. Because in any case, the issue for us is not whether the California rules of court have been violated. The question is whether there's a Sixth Amendment violation. Right. And I would say that it's really not for us to decide how the state court interprets its rules of court. But it's for us to decide, was there a Federal violation here, and there just wasn't based on the prior conviction that was available. Thank you. Yeah. I'll go. I have to say that that same puzzle is built into Cunningham because the court in the United States Supreme Court in Cunningham says, well, as we understand California law, in order to get into the upper range, you've got to do X. And it wasn't an argument convincing the United States Supreme Court that said, well, that's not what California law says. They said, well, that's how we understand California law, and in order to comply with the Constitution and as our understanding of California law, it needs to be found by a jury. Right. But I understand the point that Judge Shima made and you disagreed with. If it's a question of state law, even if a state court violates state law, that's typically none of our business. Now, it can be a due process violation if it's flagrant or if it's unexpected or so on, but I'm not sure I've seen that in this case. Right. If it's purely a question of state law, we have nothing to say about it. Exactly. Which is fairly nice for you.  Excuse me. Thank you, Your Honor. I think what I jumbled together in the previous statement was basically the state court decision that we're looking at is a superior court decision out of Sacramento, which stated that the 1987 conviction basically got us away from Cunningham entirely because it was an unused felony conviction. Right. And my argument is that in terms of that decision, that's actually incorrect. And the court needed to go beyond that because it's the statement that that fact of that particular conviction took it outside of the Cunningham purview because All right. In that same order, then, the superior court cites people versus the black, right? Right. And it characterized it, and it characterizes the black this way. The existence of a prior conviction that has not otherwise been used in sentencing renders the defendant eligible for the upper term. Do you disagree with that reading of black? Well, I disagree that the way in which the black court was articulating it is that in acknowledging that the fact of a prior conviction does not need to be found by a jury, that within the framework of the California state law, if there is one that was not used otherwise in the sentencing process, it could be used as an aggravating factor. But I would submit to you that it has to fall within the California sentencing guidelines. In a way, it kind of sounds like you're agreeing with me. First of all, do you agree that a sentence, well, a sentence in this case could be constitutional, you know, under the appropriate line of cases, if there is some other ground, even though the ground that the judge actually expressly relied on is invalid because it wasn't found by the jury? Do you agree with that? Maybe I didn't state it very clearly. I don't know exactly. The judge doesn't have to find the ground, expressly rely on the ground that qualifies this defendant for the upper term when he sentences, as long as that ground exists. Do you agree with that? No. In this case, the judge only found those two factors, right, that you mentioned. Right. Whatever they were. And it turns out, I don't think anybody disagrees, the judge couldn't rely on those because they weren't found by the jury. Correct. But in spite of that, possibly there exists another ground, namely the prior conviction, which was not, which the judge didn't rely on. Now, is it okay, I mean, in constitutional terms, that a ground exists even though the judge didn't rely on it? I would say that actually you have to consider California state law and California state rules in considering whether or not that ground actually existed and was available for the court to use as an aggravating factor. I disagree with Respondent. Well, let me ask you about the reading of People v. Black. Under Black, it seems to exist. I think the mere fact of a prior conviction has to have some kind of relevance in terms of the factors that a sentencing judge considers. And I think that's why the district court articulated it as, you know, this could have been used as numerous, you know, prior felonies of increasing seriousness. I think that's why it was articulated that way, because it has to fall within one of the sentencing factors. My point is that in and of itself, it does not strike. Let me ask you a more basic question, and I think I asked this of your opponent. Under the California sentencing scheme, as it then existed, does the existence of a single, unused prior felony conviction render the defendant eligible for the upper term? Not as set forth in the California rules of court in terms of factors. Or what about as, you know, those rules have been interpreted by the State courts? You know, in terms of the case that Respondent's citing, I honestly haven't, you know, I have no opinion on that, because I haven't read the details of what that decision and how it's applied. I mean, aren't we supposed to accept State laws interpreted by the State courts? Yeah, I would say so. But I would also say that then at what point would the dual-use prescription have if it wasn't? Well, there's no dual-use problem with regard to that narcotics prior. It wasn't used as a strike. It wasn't used as a prior prison term. Right? It's a prior felony conviction that was unused. So then the question is, does that single prior felony conviction that's unused under California law sufficient to render him upper term eligible? And so I think your opposing counsel cited numerous California law that stands for that proposition. Setting aside the rules of court that the prior convictions be numerous and increasing seriousness, she's saying that the State habeas ruling, finding that the single prior narcotics conviction rendering the defendant upper term eligible is consistent with California law. I understand that. But I also don't think it was a strike, as the Superior Court also stated. You know, I mean, it couldn't have been used as a strike. I don't necessarily think that there would be any use then for the court, a sentencing court, to go through the factors at all if a prior, you know, unused felony could be used at any time to impose the upper term. Why would they go through the sentencing factors at all? It becomes superfluous. So, I mean. Well, I mean, there are some defendants, hard to believe, but don't have a prior record, you know. Aren't there? I'm sure there are. Well, and if you use the prior, that is to say the 1987 felony conviction, to make the person eligible for the higher term, that only makes the defendant eligible. At that point, you want to go through the sentencing factors to see where within the permissible term he ought to be sentenced. That's correct, Your Honor. Okay. Thank you. I thank both sides for their arguments. Yes. And I confess I know more now than I did when you started your arguments. Franklin v. Walker is now submitted for decision, and that completes both our day and our week. Thanks very much.
judges: Tashima, Fletcher, Nguyen